[743 NYS2d 341]

In the Matter of ALISON A. BUKATA, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 14, 2002

### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*Edward Z. Menkin,* Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 29, 1995, and maintained an office for the practice of law in Baldwinsville. The Grievance Committee filed a petition

charging respondent with acts of professional misconduct arising from her representation of a real estate investor in a transaction involving the purchase of real property. Respondent filed an answer admitting the material allegations of the petition and a referee was appointed to conduct a hearing on matters in mitigation. The Referee filed a report, which the Grievance Committee moves to confirm.

Respondent admits that she disbursed for personal purposes funds of a client that were deposited in error by the client into respondent's personal account.

The Referee found in mitigation that the misconduct occurred at a time when the judgment and attentiveness of respondent were affected by medication prescribed for depression and by the demands of her real estate practice and family obligations. Additionally, the Referee noted that respondent made restitution; that she has no disciplinary history; that she has corrected deficiencies in her practice and has associated herself with an experienced attorney; that she has overcome her depression and no longer requires medication; and that she has acknowledged her misconduct and expressed remorse.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with her personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from her business or personal accounts; and

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds of a client coming into her possession and render appropriate accounts to the client regarding them.

After consideration of all of the factors in this matter, we conclude that respondent should be censured.

GREEN, J.P., PINE, HAYES, SCUDDER and BURNS, JJ., concur.

Order of censure entered.